**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Teresa Fuentes Diaz, individually and on behalf of all others similarly-situated,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>Steps in Home Care Inc.,<br><br>                                        Defendant. | No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Teresa Fuentes Diaz ("Plaintiff"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendant Steps in Home Care Inc. (the "Company" or "Defendant"), allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1.      Plaintiff, being previously employed by Steps in Home Care Inc. as a "Home Health Aide," brings this action on her own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Steps in Home Care Inc. for violations of: (1) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the spread of hours and split shift requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); (4) the wage

1

statement requirements of NYLL § 195(3); and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

2.      Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendant, as Home Health Aides or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the wage violations which gave rise to these claims primarily occurred in this District.

5.      Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendant, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

6.      Plaintiff Teresa Fuentes Diaz resides in Bronx County, New York. Ms. Fuentes was employed by Defendant from approximately June 2015 until November 20, 2017. At all relevant times, Ms. Fuentes was an "employee" within the meaning of the FLSA and NYLL.

7.      Steps in Home Care Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3 Barker Avenue, 2nd Floor, White Plains, New York 10601. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

8.     Plaintiff brings this action on behalf of herself and other employees similarly

situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by
> Steps in Home Care Inc., as Home Health Aides or other similar jobs, at
> any location operated by Steps in Home Care Inc. in the State of New
> York from three (3) years prior to this action's filing date through the date
> of the final disposition of this action and who were subject to Steps in
> Home Care Inc.'s unlawful practices of (i) failing to pay the applicable
> minimum wage for all hours worked; (ii) failing to pay applicable
> overtime premiums for all hours worked in excess of 78 hours per
> workweek; and (iii) failing to provide spread of hours compensation.

9.     Defendant employed Ms. Fuentes and the members of the FLSA Collective

Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as

non-exempt from the minimum wage and overtime requirements of the FLSA.

10.     Defendant meets the definition of an "employer" under the FLSA. By way of

examples only, Defendant controls how much the FLSA Collective Action members are paid,

maintains all-time records for the FLSA Collective Action members, assigns and supervises all

of the tasks given to the FLSA Collective Action members, and maintains and exercises control

as to how the FLSA Collective Action members are to perform their tasks.

11.     Each of the FLSA Collective Action members are or were non-exempt employees

entitled to compensation at or above the minimum wage for all hours worked.

12.     However, during the FLSA Collective Action period, Defendant failed to pay the

Collective Action members the minimum wage—or even any wage at all—for all hours worked.

13.     Each of the FLSA Collective Action members are or were non-exempt employees

entitled to overtime compensation for all hours worked in excess of 40 per workweek.

14.     However, at all times during the FLSA Collective Action period, Defendant failed to pay the Collective Action members overtime premiums for all hours worked in excess of 78 per workweek.

15.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Ms. Fuentes and the FLSA Collective Action members.

16.     Defendant is liable under the FLSA for failing to properly compensate Ms. Fuentes and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

17.     There are, upon information and belief, more than 40 similarly situated current and former employees of Steps in Home Care Inc. who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:**  All persons who are or have been employed by Steps in Home Care Inc., as Home Health Aides or other similar jobs, at any location operated by Steps in Home Care Inc. in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Steps in Home Care Inc.'s unlawful practices of (i) failing to pay the applicable minimum wage for all hours worked; (ii) failing to pay applicable overtime premiums for all hours worked in excess of 78 hours per workweek; (iii) failing to pay spread of hours or split shift compensation; and (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

4

19.     At all times during the time period relevant to the New York Class, Defendant, as a matter of policy, (i) did not pay Plaintiff or the New York Class any wages or the applicable minimum wage for all hours worked; (ii) did not pay Plaintiff or the New York Class any wages or the applicable overtime premium pay rate for all hours worked in excess of 78 hours per workweek; (iii) did not pay Plaintiff or the New York Class spread of hours or split shift compensation; and (iv) failed to furnish correct and accurate wage statements required by the NYLL.

20.     The facts as alleged in paragraphs 8-17 above with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

21.     Defendant failed to make, keep and/or preserve accurate records with respect to Plaintiff and the New York Class and failed to furnish to Plaintiff and the New York Class an accurate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

22.     Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendant employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

23.     Typicality: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class period, Defendant subjected Plaintiff and the members of the New York Class to the same policies and practices of failing to pay them minimum wage and overtime compensation required by the NYLL.

24.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25.     Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and has retained counsel experienced in FLSA and NYLL class and collective action litigation.

26.     Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

a)  Whether Defendant violated the NYLL as alleged herein;

b)  Whether Defendant unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

c)  Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

d)  Whether Defendant unlawfully failed to pay spread of hours or split shift compensation to members of the New York Class in violation of NYLL;

e)  Whether Defendant employed Plaintiff and the New York Class within the meaning of New York law;

f)  Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

g)  What the proper measure of damages sustained by the New York Class are; and

h)  Whether Steps in Home Care Inc.'s actions were "willful."

27.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent

6

or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Furthermore, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action- impeding their ability to protect their interests.

28.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendant's practices.

29.     Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are in Defendant's possession.

## INDIVIDUAL FACTUAL ALLEGATIONS

30.     As outlined above, Defendant employed Ms. Fuentes as a Home Health Aide from approximately June 2015 until November 20, 2017.

31.     As a Home Health Aide, Ms. Fuentes and other members of the proposed collective and Rule 23 classes are or were primarily responsible for providing home care service to those requiring assistance with day to day tasks.

7

32.     At all times during employment, Defendant classified Ms. Fuentes as a non-exempt employee entitled to the protections of the FLSA and NYLL.

33.     Defendant compensated Ms. Fuentes on an hourly basis at a rate of $9.00 per hour from June 2016 through January 2016. In January 2016, Defendant raised her hourly wage to $10.76 per hour.

34.     During most weeks of employment, Defendants required Ms. Fuentes to work in excess of 40 hours per week. In fact, Fuentes' work schedule for almost the entirety of her employment with Defendant was from 8 a.m. on Sunday to 8 a.m. on Saturday (144 hours in total).

35.     By way of example, during a typical workweek, Ms. Fuentes generally worked a total of approximately 144 hours, based on the following work schedule:

      i.    Sunday, from 8:00am to 12:00am (i.e., 16 hours);

      ii.   Monday, from 12:00am to 12:00am (i.e., 24 hours);

      iii.  Tuesday, from 12:00am to 12:00am (i.e., 24 hours);

      iv.   Wednesday, from 12:00am to 12:00am (i.e., 24 hours);

      v.    Thursday, from 12:00am to 12:00am (i.e., 24 hours);

      vi.   Friday, from 12:00am to 12:00am (i.e., 24 hours); and

      vii.  Saturday, from 12:00am to 8:00am (i.e., 8 hours);

36.     Despite the hours worked, for the vast majority of her employment, Defendants paid Ms. Fuentes no wages at all for hours worked in excess of 78 per workweek. Nor did her wage statements reflect any work past 78 hours. This means that on average, each week, Ms. Fuentes received no minimum wage and no overtime for around 66 hours of work.

## FIRST CAUSE OF ACTION
### (FLSA: Unpaid Minimum Wage)

37.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

38.     As outlined above, during the relevant time period, Defendant's practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff and the members of the FLSA Collective Action by, among other things, failing to pay them the applicable minimum wage for all hours worked.

39.     Accordingly, Plaintiffs and the members of the FLSA Collective Action are entitled to the difference between the wages paid by the Defendant and the FLSA minimum wage as damages for Defendant's violations of the FLSA's minimum wage provisions.

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

41.     Plaintiff and the members of the FLSA Collective Act seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

42.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

43.     During the relevant time period, Plaintiff and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Defendant's above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

44.     Despite the hours worked by Plaintiff and the members of the FLSA Collective Action, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Collective Action appropriate overtime compensation.

45.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

46.     Plaintiff and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
**(NYLL: Unpaid Minimum Wage)**

47.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

48.     As outlined above, Defendant's pay practices failed to pay Plaintiff and the members of the New York Class a minimum wage required by the NYLL.

49.     Accordingly, Plaintiff and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the wages paid by Defendant as damages for Defendant's violations of the NYLL and Minimum Wage Order's minimum wage provisions.

50.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

51.     Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by the Defendant, as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

52.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

53.     During the relevant time period, Plaintiff and the members of the New York Class worked in excess of 40 hours per workweek and, because of Defendant's above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

54.     Despite the hours worked by Plaintiff and the members of the New York Class, the Defendant willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

55.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

56.     Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by the Defendant, as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (12 N.Y.C.R.R. § 142-2.4: Spread of Hours)

57.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

58.     At all relevant times, the Defendant is or was an "employer" within the meaning of 12 N.Y.C.R.R. §§ 142.

59.     At all relevant times, Plaintiffs are or were "employees" within the meaning of 12 N.Y.C.R.R. §§ 142.

60.     At all relevant times, Plaintiffs are not or were <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. §§ 142.

61.     Defendant failed to compensate Plaintiffs the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours.

62.     These practices were willful and lasted for the duration of the relevant time periods.

63.     These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

## SIXTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

64.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

65.     During the relevant time period, Defendant failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

66.     Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $250 per violation.

67.     In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A.     Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.     A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C.     That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D.     That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.;

E.     An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

F.     An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G.     An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

H.     An award to Named Plaintiff of all applicable statutory damages to which she is entitled;

I.     An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

J.     An award to Plaintiff for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

K.      An award to Plaintiffs of pre-judgment and post-judgment interest, as

provided by law; and

L.      Any other and further relief as this Court finds necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury as to all issues so triable.

Dated: December 1, 2017
      New York, New            York   Respectfully submitted,

THE OTTINGER FIRM, P.C.


By: _____
Benjamin Weisenberg
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*COUNSEL FOR PLAINTIFF AND THE*
*PROPOSED CLASSES*

14